UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC ZINFANDEL APARTMENTS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA ROWAN, ROBERT HUIZAR, and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-00506-TLN-EFB<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendants Amanda Rowan and Robert Huizar's ("Defendants") Notice of Removal and Motions to Proceed in Forma Pauperis. (ECF Nos. 1–3.) For the reasons set forth below, Defendants' Motions to Proceed in Forma Pauperis are DENIED as moot, and the Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject-matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Defendants filed the instant Notice of Removal and Motions to Proceed in Forma Pauperis on March 10, 2016. (ECF Nos. 1–3.) The case was removed from the Superior Court of Sacramento County, where Plaintiff filed an unlawful detainer action against Defendants under Cal. Code Civ. Proc. 1161.

The stated basis for removal is: "Defendant filed an Answer to the complaint based on a

defective notice, i.e., Notice to Pay Rent or Quit, failed to comply with Code of Civil Procedure § 1161(2). [] Notwithstanding said violation of Code of Civil Procedure § 1161(2), the Superior Court for the County of Sacramento did not sustain the Answer. [] Federal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." (ECF No. 1 ¶¶ 8–10.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a federal question, whether filed in state court or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Gully v. First Nat. Bank,* 299 U.S. 109, 113 (1936) ("the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal"); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

## III. CONCLUSION

Defendants' basis for removal is that the Answer they filed in state court implicates rights and duties under federal law. Defendants identify no part of the unlawful detainer motion itself

1  that meets the requirements for removal.  As previously stated, "the controversy must be
2  disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."
3  *Gully*, 299 U.S. at 113.  As such, since the unlawful detainer motion does not raise a federal
4  question, Defendant's Answer does not confer federal question jurisdiction on this Court.
5      Therefore, the Court hereby remands this action to the Superior Court of California,
6  County of Sacramento.  Defendants' motions to proceed in forma pauperis (ECF Nos. 2 & 3) are
7  DENIED AS MOOT.
8      IT IS SO ORDERED.
9  Dated: March 11, 2016

                                                                     Troy L. Nunley
                                                                       United States District Judge